

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-4008
Re: Does the occupation tax levied by Article 7047, Subdivision 36, Vernon's Texas Civil Statutes, apply to bowling alleys operated for a fee or charge, by the Young Men's Christian Association of Port Arthur.

Your letter of May 6, 1942, submits for our attention and opinion the following inquiry, which we copy therefrom:

"Article 7047, Subdivision 36, R. C. S. levies a State occupation tax of One Hundred ($100.00) Dollars, for the operation of nine and ten pin alleys.

"I shall appreciate your opinion as to whether or not the above mentioned tax applies to bowling alleys (nine and ten pin), which are being operated by the local Young Men's Christian Association of Port Arthur. The bowling alleys referred to are open to and being used by the general public for a fee or charge of twenty (20) cents per game. The members of the Y. M. C. A. are charged fifteen (15) cents per game. It is claimed that the Y. M. C. A. does not operate their bowling alleys for a profit.

"There is a bowling alley located near the Y. M. C. A. building, which is being operated for a profit by an individual who charges twenty (20) cents per game, or the same charge per game paid by the general public, for the use of the Y. M. C. A. bowling alleys. The owner of these alleys has paid a State occupation tax of One Hundred ($100.00) Dollars."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The attached letter to you from Senator Shivers supplements the above factual statement by pointing out that the Y. M. C. A. building is located on city park property, maintained by the City of Port Arthur, but the building which houses the bowling alley is operated independently by the Association.

The occupation tax under consideration is quoted from the cited statute as follows:

"There shall be levied on and collected from every person, firm, company or association of persons, pursuing any of the occupations named in the following numbered subdivisions of this article, an annual occupation tax, which shall be paid annually in advance except where herein otherwise provided, on every such occupation or separate establishment, as follows: Acts 1st C. S. 1897, p. 49.

" * * *

"36.   Nine and ten pin alleys.--From every nine or ten pin or other alley used or operated for profit by whatever name called, constructed or operated upon the principal of a bowling alley upon which pins, pegs, balls, rings, hoops or other devices are used, without regard to the number of tracks or alleys in the same building or place, or whether the balls or other devices are rolled or used by hand or otherwise, one hundred dollars.   Any alley used in connection with any drug store, or place where tobacco in any form is sold, or upon which money or other things of value are paid or charged for the privilege of playing shall be regarded as used and operated for profit. Acts 1917, p. 385."

It is readily apparent from an examination of the foregoing tax measure that the tax levied thereby is an occupational excise or indirect tax rather than a direct property or ad valorem tax, from which latter tax Young Men's Christian Associations are, under certain conditions, expressly exempt by Article 7150, Subdivision 2, Vernon's Texas Civil Statutes, reading as follows:

"2.  Christian Associations.--Young Men's
Christian Association Buildings and Young Women's
Christian Association Buildings, used exclusively
for the purpose of furthering religious work, and
acting under the approval and cooperation of the
State and International Young Men's Christian Asso-
ciation committees and the Young Women's Christian
Association committees, the books and furniture con-
tained in such buildings, and the grounds attached
thereto necessary for the proper occupancy of such
buildings, use and enjoyment of the same, and not
leased or otherwise used with a view to profit other
than for the purpose of maintaining the buildings
and Association, and all endowment funds of the above
mentioned religious institutions not used with a view
to profit, but for the purpose of maintaining the
Association and buildings in doing religious work.
Acts 1913, p. 153."

The foregoing exemption is not applicable here and re-
quires no determination by us of whether the property in question
is so used as to come within said exemption.  Inasmuch as our re-
search has developed no other statute, general or special, con-
ferring any exemption upon such Associations from any other type
of taxation, it but remains to be determined if the Association
in question falls within the legal incidence of the above quoted
tax levy.

It will be noted that the tax levied by subdivision 36
of Article 7047, Vernon's Texas Civil Statutes, accrues and is
computed upon the number of nine and ten pin alleys or other al-
leys used or operated for profit (considering all the tracks or
Alleys in the same building or place as a unit) rather than upon
the principal business or occupation of the taxpayer, on an annual
basis.  The Young Men's Christian Association could not, under
any construction, be considered as engaged in the principal busi-
ness or occupation of operating nine and ten pin alleys.  Never-
theless, if, as incidental to the benevolent purposes of its
existence, it operates such alley in a "place" or "separate estab-
lishment," within the words of the statute, which otherwise satis-
fies the requirements to taxability fixed by subdivision 36, a
tax would lie.

The exact construction and operation of the nine and ten
pin alleys operated by the local association is not described in
your letter.  It must be assumed that same are "constructed or

operated upon the principle of a bowling alley upon which pins, pegs, balls, rings, hoops or other devices are used, without regard to the number of tracks or alleys in the same building or place, or whether the balls or other devices are rolled or used by hand or otherwise," so as to meet the requirements of the statute.  The only remaining requirement of the statute requiring our consideration is whether such nine and ten pin alleys are "operated for profit," so as to be subject to the tax. We do not consider the mere location of the building on city property to be material to the question of taxability vel non.

Whether a fee or charge of twenty cents (20¢) per game to the general public, or fifteen cents (15¢) per game to members of the Association, is a use or operation of these nine and ten pin alleys for profit, so as to render them taxable, would, in the generality of cases, and without further definition of the terms "operated for profit" by the Legislature, possible require a tracing of the funds and an examination into the organization and purposes of the association, to determine if the net proceeds inured to the benefit or enrichment of a person, firm or corporation or were devoted to charitable uses so as to negative the profit feature.  However, in the instant situation, the Legislature has removed this question from the field of facts and interpretation by defining, as follows, in subdivision 36, what they intended by requiring that, to be taxable, said alleys must be "used or operated for profit:"

> " * * * Any alley used in connection with any drug store, or place where tobacco in any form is sold, or upon which money or other things of value are paid or charged for the privilege of playing shall be regarded as used and operated for profit." (Underscoring ours)

It is our opinion that the Legislature has foreclosed any inquiry into the profitable nature of the bowling alleys operated by the Young Men's Christian Association of Port Arthur, and a fee or charge being admittedly paid for the privilege of playing such games, we are constrained to hold that the Association will be required to pay the occupation tax in question.

Trusting the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY

Pat M. Neff, Jr.
Assistant

PMN:ej